UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., et al., ) ) ) Plaintiffs, ) ) v. ) ) DOES 1 - 24, ) ) Defendants. ) | No. 4:07-CV-01889 CEJ |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for leave to take immediate discovery. Plaintiffs are record companies who own copyrights in sound recordings. They seek leave to serve limited discovery upon a third party Internet Service Provider ("ISP") to determine the true identity of 24 John Doe defendants who are being sued for direct copyright infringement. Plaintiffs argue that without this discovery they cannot identify the defendants, and they would be unable to pursue their lawsuit to protect their copyrighted works from infringement.

Defendants are alleged to have used an online media distribution system to download plaintiffs' copyrighted works, to distribute copyrighted works, and/or to make copyrighted works available for distribution to others. Plaintiffs have identified the defendants by a unique Internet Protocol ("IP") address assigned to each defendant on the date and time of the alleged infringing activity. Plaintiffs have made copies of some of the sound recordings the defendants made available for distribution,

and have obtained copies of a more complete list of files that the defendants have made available to the public for distribution. The ISP that provided Internet access to the defendants is Charter Communications, Inc. ("Charter"). Charter is able to match an IP address to a particular subscriber by reviewing its subscriber activity logs. These activity logs are typically retained by the ISP for a limited period of time; therefore, plaintiffs seek immediate discovery before the information is permanently destroyed.

Courts allow discovery to identify Doe defendants. <u>See</u> <u>Wakefield v. Thompson</u>, 177 F.3d 1160, 1163 (9th Cir. 1999); <u>Valentin v. Dinkins</u>, 121 F.3d 72, 75 (2nd Cir. 1997); <u>Munz v. Parr</u>, 758 F.2d 1254, 1257 (8th Cir. 1985). Courts will also allow expedited discovery where the party establishes good cause, *i.e.* the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to responding party. <u>Semitool, Inc. v. Tokyo Electron Am., Inc.</u>, 208 F.R.D. 273, 276 (N.D. Cal. 2002); <u>Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.</u>, 213 F.R.D. 418, 419 (D. Colo. 2003); <u>Yokohama Tire Corp. v. Dealers Tire Supply, Inc.</u>, 202 F.R.D. 612, 613-14 (D. Ariz. 2001). Plaintiffs demonstrate good cause here because they show irreparable harm from infringement, no prejudice to the defendants, limited availability of the information sought and the movement forward of the case.

Plaintiffs have shown that they will suffer ongoing irreparable harm by the repeated unauthorized copying of their

copyrighted material. In addition, the defendants will not be prejudiced because plaintiffs seek contact information only and will use the information for the limited purpose of enforcing their rights under the Copyright Act. Because the information regarding the identity of the IP subscriber is available only for a limited time, the plaintiffs may lose the opportunity to assert their rights if they are not allowed immediate discovery. Plaintiffs are unable to obtain the subscribers' names by any other means, and without this information the case cannot proceed.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiffs' motion for leave to take immediate discovery [# 4] is **granted**.

**IT IS FURTHER ORDERED** that the plaintiffs may immediately serve a subpoena pursuant to Fed. R. Civ. P. 45 on Charter Communications, Inc. to obtain the identity of the defendants solely for the purpose of protecting plaintiffs' rights under the Copyright Act.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 26th day of November, 2007.